UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA BETZ,

    Plaintiff,

v.                                                          Case No: 8:23-cv-1360-SDM-JSS

HOBBY LOBBY STORES, INC. and
DUBOSE,

    Defendants.
_____/

## ORDER

Defendant Hobby Lobby Stores, Inc. moves to compel Plaintiff's responses to its first set of interrogatories and first request for production pursuant to Federal Rules of Civil Procedure 26 and 37. (Motion, Dkt. 15.) Plaintiff did not timely respond to the Motion in accordance with Middle District of Florida Local Rule 3.01(c). On November 27, 2023, the court directed Plaintiff to respond to Hobby Lobby's Motion on or before December 4, 2023. (Dkt. 16.) Plaintiff again failed to timely respond.[1] The court therefore treats Hobby Lobby's Motion as unopposed. *See* M.D. Fla. Loc. R. 3.01(c).

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1);

---

[1] The court notes that the email address listed for Plaintiff's attorney Cortney G. Griswell on the docket does not match that listed on her correspondence with Hobby Lobby's counsel. *See* (Dkt. 15-3.) However, Attorney Griswell has filed documents in this case previously (Dkt. 11), and this court's Local Rules require that members of the Middle District bar maintain a current telephone number, mailing address, and email address with the Clerk. M.D. Fla. Loc. R. 2.01(b)(2)(B).

*Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case."). A party moving to compel discovery pursuant to Rule 37 "has the initial burden of proving the requested discovery is relevant and proportional." *Aglogalou v. Dawson*, No. 8:20-cv-2024-CEH-AAS, 2021 WL 3563017, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-cv-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016); *see also* Fed. R. Civ. P. 37(a)(1), (3).

In its Motion, Hobby Lobby argues that the information and documents sought are "necessary for Hobby Lobby to prepare its defenses in this case and the requests are proportional to the needs of the case because the information is in Plaintiff's possession, custody, and control and crucial to the issues involved in the case." (Dkt. 15 at 3.) Plaintiff does not oppose the requested relief and the court finds that the information sought is relevant and proportional to the case. *See* M.D. Fla. Loc. R. 3.01(c). Accordingly, Defendant Hobby Lobby Stores, Inc.'s Motion to Compel Plaintiff's Responses to Its First Set of Interrogatories and First Request for Production (Dkt. 15) is **GRANTED**. Plaintiff is directed to respond to Hobby Lobby's First Set of Interrogatories and First Request for Production within 10 days of this order.

**ORDERED** in Tampa, Florida, on December 5, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record